UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARREN L. McCOY,<br><br>　　　　　Petitioner,<br>　v.<br>WILLIAM A. GITRE, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:20-cv-00018-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

Petitioner Darren L. McCoy, a Nevada state prisoner, has submitted a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This habeas matter is before the Court for consideration of McCoy's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 3) as well as initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court orders McCoy to show cause why the petition should not be dismissed as untimely and to resolve the filing fee.

**II.　BACKGROUND**

McCoy challenges a conviction and sentence imposed by the Eighth Judicial District Court for County, Nevada ("state court"). *State of Nevada v. McCoy*, Case No. C-12-278986-1.[2] In April 2013, McCoy entered a guilty plea to one count of robbery with use of a deadly weapon. On May 7, 2013, the state district court entered a judgment of conviction sentencing McCoy to life with the possibility of parole after 10 years. McCoy

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

filed a direct appeal. The Nevada Supreme Court affirmed McCoy's conviction, and a remittitur issued on August 20, 2015. There is no indication that McCoy filed a petition for writ of certiorari with the United States Supreme Court.

On August 31, 2015, McCoy filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. The state petition was denied as time-barred. McCoy appealed. The Nevada Court of Appeals affirmed the state court's denial of relief, and a remittitur issued on April 9, 2018.

On or about January 7, 2020, McCoy mailed, or handed to a prison official for the purpose of mailing, the *pro se* federal petition initiating this case. (ECF No. 1-1.)

**III.     DISCUSSION**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

**A.     Resolving the Filing Fee**

McCoy has requested permission to proceed IFP, meaning without paying the standard five dollar ($5.00) filing fee. (ECF No. 3.) Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may request IFP status. Indigent prisoners who do not have the money to pay the $5.00 filing fee for a habeas petition may apply for IFP status. A prisoner's IFP application must be submitted on the form provided by the court and include specific financial documents. 28 U.S.C. § 1915; LSR 1-1, LSR 1-2.

Here, McCoy has requested permission to proceed IFP, but his IFP application is incomplete. He submitted a federal IFP application as well as the required affidavit and acknowledgement, but he did not include a copy of his inmate trust account statement or

the correct financial certificate. Rather, it appears that he submitted a financial certificate used by the state court. (ECF No. 1-2.) The prisoner IFP application required in this federal district court differs from the application used in Nevada state courts. The federal financial certificate addresses the financial information required under § 1915, such as an inmate's average account balance and average monthly deposits. The state court form does not request this information. Although he may qualify for IFP status, the Court is unable to make such determination without all of the correct documents. McCoy's IFP application lacks the appropriate financial information and documentation required by § 1915(a) and the Local Rules and is therefore denied without prejudice. He will have approximately 45 days from the date of this order to either pay the $5.00 filing fee or submit a complete IFP application with all required attachments.

**B.     Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. Under § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).  However, an untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

McCoy's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court on October 20, 2014. The federal statute of limitations began running the following day. Although McCoy filed a state petition on August 31, 2015, it was filed 11 days after the expiration of the state statute of limitations. *See McCoy v. State of Nevada*, Nev. Ct. of Appeals Case No. 72513, Mar. 14, 2018 Order of Affirmance. Because the state petition was not timely under Nevada law, it

was not "properly filed" for the purposes of tolling the AEDPA filing deadline. *See Pace*, 544 U.S. at 417. Therefore, absent another basis for tolling or delayed accrual, the AEDPA statute of limitations expired on October 21, 2015, and McCoy's federal petition, filed over four years later, is untimely on its face. McCoy must show cause in writing why his petition should not be dismissed with prejudice as time-barred under § 2244(d).

In this regard, McCoy is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

McCoy further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Additionally, McCoy is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

## IV. CONCLUSION

It is therefore ordered that:

1. Petitioner Darren L. McCoy's application to proceed IFP (ECF No. 3) is denied without prejudice.
2. The Clerk of Court is instructed to mail McCoy a blank IFP application for incarcerated litigants with instructions for completing the form.
3. McCoy must file a complete IFP application by March 9, 2020, and must include: (i) a financial certificate signed by an authorized prison official and McCoy; (ii) a financial affidavit and acknowledgement signed by McCoy; and (iii) a statement of his inmate trust account for the six-month period prior to filing.
4. Alternatively, McCoy must pay the $5.00 filing fee by March 9, 2020.
5. McCoy's failure to comply with this order by (a) submitting an IFP application, or (b) paying the $5.00 filing fee before the March 9, 2020 deadline will result in the dismissal of this action without prejudice and without further advance notice.

It is further ordered that:

1. McCoy must also show cause in writing by March 9, 2020, why this action should not be dismissed as untimely. If McCoy does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If McCoy responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.
2. Any assertions of fact McCoy makes in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence McCoy filed in the federal record. McCoy must attach copies of all materials upon which he bases his argument that the

petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

DATED THIS 24th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE